UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:22-cv-23474-XXXX

SURFACE MEDIA, LLC, a Delaware
limited liability company,

    Plaintiff,

v.

YE (f/k/a KANYE OMARI WEST),
an individual,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, SURFACE MEDIA, LLC, by and through their undersigned counsel, and hereby sue the Defendant, YE (f/k/a KANYE OMARI WEST), and alleges:

### Jurisdiction, Parties and Venue

1. This Court has original jurisdiction of this action pursuant to 28 USC §1332 as the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest, attorneys' fees and costs, and the action is between citizens of different states.

2. Plaintiff, SURFACE MEDIA, LLC is a Delaware limited liability company that transacts business in the state of Florida and in Miami-Dade County, Florida.

3. Defendant, YE (f/k/a KANYE OMARI WEST), is an individual that transacts business in the state of Florida and in Miami-Dade County, Florida. Upon information and belief, Defendant resides in California.

1

4. Venue is proper in Southern District of Florida as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and a substantial part of property that is the subject of the action is situated in this judicial district.

5. All conditions precedent to the commencement of this action have been performed, waived or have already occurred.

## General Allegations

6. This action seeks to recover funds that Defendant refused to pay to Plaintiff for the reservation, customization, and use of its rental space as a recording studio.

7. Plaintiff operates Surface Area, a shoppable showroom with a curated art collection, design objects, and furniture that also serves as a unique rental space for private events.

8. Surface Area is located at 151 NE 41st St Suite 119, Miami, FL 33137 in the area commonly referred to as Miami Design District.

9. Defendant is a record producer, rapper, entrepreneur, and fashion designer.

10. Steven Victor is a Manager of the Defendant and is an agent with authority to act on behalf of the Defendant.

11. Laurence Chandler serves as a General Manager for the Defendant and is an agent with authority to act on behalf of the Defendant.

12. Charles Misodi Njapa, otherwise known as 88-Keys, is a record producer and rapper that works with the Defendant to produce music and, at all times relevant to this suit, served as an agent with authority to act on behalf of the Defendant in renting Surface Area.

13. Jorden Kyle Lanier Thorpe, otherwise known as Pardison Fontaine or Pardi, is a rapper and songwriter that works with the Defendant.

14. In early January, 2022, the parties began discussing the Defendant's use of Surface Area as a recording studio for the Defendant for the month of January.

15. The parties, through their respective agents and representatives, discussed customizing the space to the Defendant's needs, desires and specifications, including the removal of certain art pieces and furniture from the space and bringing in other art pieces and furniture to match the Defendant's desired color scheme. Additionally, the parties discussed rental duration, rental fees, moving costs, purchases, etc.

16. On January 5, 2022, the Defendant, through Mr. Chandler, confirmed to the Plaintiff that the Defendant would, in fact, rent Surface Area for the remainder of the month of January, with the option to rent the space for additional time thereafter.

17. Upon confirmation by the Defendant to rent the space, the Plaintiff mobilized staff and began immediately customizing the space as requested by the Defendant at considerable cost and resources, including sound equipment being brought into Surface Area that same evening on January 5th.

18. The Defendant also requested that the Plaintiff commence removing certain pieces from the curated art collection, design objects, and furniture from the space. The Plaintiff complied and, in the late evening hours of January 5th, began arranging for the removal of those valuable items (with a collective value of nearly $50,000,000.00).

19. At each stage of the process, all costs and expenses were approved by the Defendant. The Plaintiff would regularly send options and pricing for customizing the space and the Defendant would confirm whether it approved of said customization. Communications between the parties are attached hereto and marked as Composite Exhibit "A."

20. On January 6, 2022, the Defendant was provided with a proposed budget from the Plaintiff, which included a daily and total rental rate, moving costs, and purchase costs.

21. On that same day, January 6th, the Defendant approved of the proposed budget in its entirety via telephone conversation and via text message. Communications between the parties evidencing approval of the proposed budget are attached hereto and marked as Composite Exhibit "B."

22. The parties agreed via telephone and via text message that the Defendant would pay to the Plaintiff a daily rental fee for Surface Area of $5,000.00, moving expenses in the amount of $20,000.00, and the purchase price for four chairs in the amount of $813.00. The parties further agreed that any additional art pieces would be priced on a separate, as requested basis. *See* Composite Exhibit "B."

23. The Plaintiff mobilized its staff and resources to customize the space on behalf of and as requested by the Defendant including, but not limited to, securely packaging, moving, and storing more than twenty pieces of high-valued art pieces, forty pieces of furniture and décor, and other various products; installation of a door; locating, securing and purchasing or renting additional art pieces, furniture, décor, sound gear, etc.

24. The Defendant also brought a variety of sound equipment to the space and on January 6, 2022, the Defendant's representatives, 88-Keys, Pardison Fontaine, and others commenced using the space to record music.

25. On January 7, 2022, the Plaintiff sent the Defendant an invoice for the agreed-upon amounts, a copy of which is attached hereto and marked as Exhibit "C."

26. The Defendant has failed to pay any amounts whatsoever to the Plaintiff.

## COUNT I
## BREACH OF CONTRACT

27. The Plaintiff realleges and reasserts paragraphs 1 through 26 as if fully set forth herein.

28. The Plaintiff and the Defendant entered into a valid, enforceable contract whereby the Defendant agreed, for good and valuable consideration, to pay the Plaintiff for the rental of Surface Area, including costs and expenses.

29. The Defendant agreed to pay the Plaintiff a daily rental amount of $5,000.00 for a period of 25 days, totaling $125,000.00.

30. The Defendant agreed to reimburse the Plaintiff for moving costs incurred in customizing the space to the Defendant's specifications in the amount of $20,000.00.

31. The Defendant agreed to reimburse the Plaintiff for the Defendant's requested purchase of four office chairs in the amount of $813.00.

32. The Defendant materially breached the agreement between the parties by failing to pay the total amount of $145,813.00.

33. As a direct and proximate result of the Defendant's breach of the agreement, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff, SURFACE MEDIA, LLC, respectfully prays that this Honorable Court grant judgment in its favor and damages against the Defendant, YE, and any other relief this Court deems just and proper, including an award of attorneys' fees and costs against the Defendant and in favor of YE.

## COUNT II
## BREACH OF IMPLIED-IN-FACT CONTRACT

34. The Plaintiff realleges and reasserts paragraphs 1 through 26 as if fully set forth herein.

35. A valid, enforceable agreement existed between the Plaintiff and the Defendant.

36. The parties agreed that the Defendant would pay to the Plaintiff a daily rental fee for Surface Area of $5,000.00, moving expenses in the amount of $20,000.00, and the purchase price for four chairs in the amount of $813.00. The parties further agreed that any additional art pieces would be priced on a separate, as requested basis.

37. The terms of the agreement were inferred by the parties' conduct, including the Defendant's requests through its representatives for continued modifications and customizations of the space on an immediate basis, approval of costs, and use of the space.

38. The Defendant materially breached the agreement between the parties by failing to pay the total amount of $145,813.00.

39. As a direct and proximate result of the Defendant's breach of the agreement, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff, SURFACE MEDIA, LLC, respectfully prays that this Honorable Court grant judgment in its favor and damages against the Defendant, YE, and any other relief this Court deems just and proper, including an award of attorneys' fees and costs against the Defendant and in favor of YE.

## COUNT III
## UNJUST ENRICHMENT

40. The Plaintiff realleges and reasserts paragraphs 1 through 26 as if fully set forth herein.

41. The Plaintiff has conferred a benefit upon the Defendant in customizing and providing a space to the Defendant to record music for a period of twenty-five (25) days.

42. The Plaintiff incurred significant costs and expenses in conferring this benefit on the Defendant, totaling $145,813.00.

43. The Defendant had knowledge of the benefit conferred by the Plaintiff

44. The Defendant continued to request costs and expenses be incurred by the Plaintiff for the benefit of the Defendant.

45. The Defendant voluntarily accepted and retained the benefit conferred by the Plaintiff upon the Defendant.

46. In voluntarily accepting and retaining the benefit conferred, the Defendant knew of the expenses incurred by the Plaintiff but has intentionally failed to pay for the benefit conferred.

47. It is inequitable for the Defendant to have received the benefit without paying the Plaintiff for the benefit it conferred upon the Defendant.

WHEREFORE, the Plaintiff, SURFACE MEDIA, LLC, respectfully prays that this Honorable Court grant judgment in its favor and damages against the Defendant, YE, and any other relief this Court deems just and proper, including an award of attorneys' fees and costs against the Defendant and in favor of YE.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury of all issues so triable.

Dated this 24th day of October, 2022.

        **LOWY AND COOK, P.A.**
        169 E. Flagler Street, Suite 700
        Miami, Florida 33130
        Telephone: (305) 371-5585
        Facsimile: (305) 371-5563
        E-mail: jonathan@lowypa.com
        E-mail: leah@lowypa.com
        E-mail: assistant@lowypa.com

By: ***/s/ Jonathan Smulevich, Esquire***
    JONATHAN SMULEVICH, ESQ.
    Florida Bar No. 108260
    LEAH ROSE, ESQ.
    Florida Bar No. 84682